ELLIOT DON RAY,

       Petitioner,

v.                                       Case No. 07-C-190

TIMOTHY LUNDQUIST,

       Respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

On February 28, 2007, Elliot Don Ray filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of first degree reckless homicide, two counts of reckless endangerment, and being a felon in possession of a firearm. He was sentenced to 40 years imprisonment. He is currently incarcerated at New Lisbon Correctional Institution. In a habeas screening order, I dismissed Ray's confrontation and due process claims, but granted his motion for a stay of the proceedings to allow him to exhaust state remedies as to all of his claims, some of which he did not specify.[1] (Order of March 26, 2007.) Ray has filed a motion for reconsideration, asking the court to revisit its dismissal of the confrontation claim.

---

[1] The order directed the clerk to administratively close the case, and directed Ray to promptly seek exhaustion of state remedies as to any unexhausted claims and then notify the court upon having done so. In the event Ray fails to exhaust his state court remedies within six months of the order, the case is to be dismissed absent a showing of cause as to why state court remedies were not exhausted by that time. (Order of March 26, 2007, at 7.)

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan,* 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990).

Ray's motion for reconsideration contains no new evidence and points to no controlling law. Ray appears to admit as much when he states that he is reiterating his earlier argument. (Mot. for Recons. at 1.) The cases Ray cites in his motion do not alter the analysis or outcome of my prior order.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated this   13th   day of June, 2007.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge