ELLIOT DON RAY,

      Petitioner,

v.                                    Case No. 07-C-190

ANA BOATWRIGHT,

      Respondent.[1]

**ORDER**

On February 28, 2007, Elliot Don Ray filed a petition pursuant to 28 U.S.C. § 2254, asserting that his current confinement violates the Constitution. The Court previously dismissed Ray's claims that the trial court improperly denied his motion for a mistrial after the prosecution revealed in closing arguments that Ray was a felon and violated the Confrontation Clause by allowing into evidence statements by non-testifying co-actors. However, the Court ordered the proceedings stayed to allow Ray to exhaust his remedies in state court as to additional, then unspecified, claims.

Ray has now informed the Court that he has exhausted his remedies in state court as to his additional claims for relief and is ready to proceed. In addition, he has filed an amended habeas

---

[1] Although petitioner's initial pleading identified Timothy Lundquist as the proper respondent, he has informed the Court that during the time this action has been stayed, Ana Boatwright has taken over the position of Warden at New Lisbon Correctional Institution where he is confined.

petition. Accordingly, the Court will order that the stay be lifted and will screen his amended petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which provides,

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

As noted in the Court's order upon review of Ray's initial habeas petition, Ray was convicted in Milwaukee County Circuit Court of first degree reckless homicide, two counts of reckless endangerment, and being a felon in possession of a firearm. He was sentenced to 40 years imprisonment, and remains incarcerated at New Lisbon Correctional Institution. Following the Court's order granting his request to stay his habeas petition, Ray appealed the denial of his state post-conviction motion in which he had set forth the same claims dismissed by this Court from his federal habeas petition. The Wisconsin Supreme Court denied review. Ray also filed a petition in state court for habeas relief, which was denied by the Wisconsin Court of Appeals on April 22, 2008, and the Wisconsin Supreme Court denied review on June 10, 2008. In his state habeas petition, Ray alleged that his appellate counsel provided ineffective assistance by failing to raise the following two issues on appeal: (1) the sufficiency of the evidence supporting Ray's conviction, and (2) the failure of the trial court to grant a mistrial based upon juror bias. The Wisconsin Court of Appeals noted that in addition, Ray's petition asked whether the trial court had failed to instruct the jury on the subject of timely withdrawal from a conspiracy. In its decision denying relief, however, the court of appeals explained that the trial court had so instructed the jury, and that Ray had not developed any argument as to how the instruction was deficient or how appellate counsel had failed him with regard to the trial court's jury instructions.

2

Ray's present petition, liberally construed, asserts the same three claims as his state habeas petition.[2] Because it is clear from the face of the petition and its attachments that Ray failed to fully and fairly present to the Wisconsin state courts his challenge to the adequacy of the trial court's jury instructions, or to counsel's performance with regard to the instructions, such a claim is now procedurally defaulted. However, it appears Ray exhausted his allegations that appellate counsel provided ineffective assistance by failing to challenge the sufficiency of the evidence upon which he was convicted and the trial court's refusal to grant a mistrial based upon juror bias. I must therefore consider whether by these allegations Ray has set forth cognizable constitutional or federal law claims.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). However, habeas relief may not be granted on a claim adjudicated on its merits in state court unless the state court decision was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). To establish a claim of

---

[2]Ray sets forth as the grounds for the relief he seeks only his allegations that the evidence supporting his conviction was insufficient and that the trial court erred by failing to instruct the jury as to withdrawal from a conspiracy and failing to grant trial defense counsel's motion for a mistrial. These claims were not raised directly in his state post-conviction motion or state habeas petition, except in the context of Ray's allegations of ineffective assistance of appellate counsel. However, Ray's petition, albeit indirectly, does allege ineffective assistance of appellate counsel, and notes that he seeks both a new trial, or, in the alternative, an evidentiary hearing regarding "trial and postconviction counsel's affectiveness [sic]." (Pet. 12.) The manner in which he phrases his asserted grounds for relief suggests he means to challenge appellate counsel's failure to raise the issues of "whether evidence showed Ray withdrew from the conspiracy," (Pet. 6) "whether [the] trial court failed to instruct the jury about timely withdraw[al]," (Pet. 7) and "whether Ray's motion for a mistrial should have been granted." (Pet. 8.) Accordingly, and because Ray contends he exhausted his claims, the Court will infer that he intends to raise the same allegations of ineffective assistance of appellate counsel he made in his state habeas petition.

3

ineffective assistance of counsel, a petitioner must show that his counsel performed in a deficient manner and that this deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. If the Court determines that the petitioner has failed to satisfy either component of the *Strickland* test, it need not address the other. *See Chichakly v. United States*, 926 F.2d 624, 630-31 (7th Cir. 1991). I will address each of Ray's claims in turn.

**A. Failure to challenge the sufficiency of the evidence underlying Ray's conviction**

Ray alleges that appellate counsel failed to challenge the sufficiency of the evidence supporting his conviction, even though "Ray's statement never changed," and "the state showed no evidence that put Ray at the crime scene." (Pet. 6-7.) To recall the facts of the case in which Ray was convicted, as summarized by the Wisconsin Court of Appeals, Ray was one of several gunmen charged in a retaliatory shooting in which two persons were injured and an eleven-year-old girl was killed. *State v. Ray*, No. 02-0791-CR, 2003 WL 176124, at *1 (Wis. Ct. App. Jan. 28, 2003). Ray claims his statements to the police and his testimony at trial were consistent, in that he admitted to having initially taken a gun and left to accompany a group of friends, but withdrew from the conspiracy before the shooting took place.

Upon review of Ray's state habeas petition, the Wisconsin Court of Appeals held that appellate counsel was not ineffective for failing to challenge the sufficiency of the evidence, because such a challenge would have lacked merit. The appellate court noted that the jury was not obliged to believe Ray's testimony that he abandoned the criminal activity, and held that the State had introduced sufficient evidence to permit the jury's inference that Ray was involved in the shooting. At trial, the State had introduced a custodial statement by Ray, in which, reacting to his co-actors'

4

statements implicating him in the shooting, he offered to tell the police everything if they first told him which gun had killed the child, then terminated his interview, saying that he was afraid of "fucking himself." The court of appeals, quoting *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752, 758 (Wis. 1990), acknowledged that it could not overturn a verdict where "any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt," and found that the evidence against Ray was sufficient to uphold the verdict. This is consistent with federal law. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (holding a federal court is empowered to grant habeas relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."). The court of appeals therefore determined that appellate counsel was not ineffective for failing to raise the issue. This conclusion is a reasonable application of the *Strickland* analysis. "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

**B. Failure to challenge the trial court's denial of Ray's motion for mistrial**

Ray also claims appellate counsel provided ineffective assistance by failing to challenge the trial court's denial of Ray's motion for mistrial. Ray believes a mistrial should have been granted because during voir dire, a prospective juror commented in front of the remainder of the panel that he believed Ray would not have been charged with the crimes if he were not guilty. The court of appeals addressed the merits of the claim, noting that the prospective juror who made the comments was not seated on Ray's jury, the entire jury pool was instructed on the presumption of innocence at the at the outset of voir dire, and the trial court gave a curative instruction immediately after the

5

prospective juror's comments, stating, "[r]emember that I told you right at the very beginning he's presumed innocent. That's our law." The court of appeals also recounted the trial court's observations that the other prospective jurors shook their heads in disapproval of the comments, and concluded that there was no evidence the jury by which Ray was convicted was biased. Thus, it held, a challenge to the trial court's refusal to grant a mistrial on the basis of juror bias would have been meritless, and the failure to raise it on appeal did not render appellate counsel's assistance ineffective. This was consistent with federal law. *C.f. Penry v. Johnson*, 532 U.S. 782, 799 (2001) (jurors are presumed to follow the court's instructions); *United States v. McKissick*, 204 F.3d 1282, 1299-300 (10th Cir. 2000) (the court's cautionary instruction was sufficient to cure any possible prejudice resulting from the remarks of a venire person); *U.S. v. Wey*, 895 F.2d 429, 431 (7th Cir. 1990) ("Jurors' knowledge that others were partial does not prevent service."); *United States ex rel. Brown v. Smith*, 306 F.2d 596, 603 (2d Cir. 1962) ("[T]he mere awareness that some of their fellows had such prejudice as to require that they be excused cannot realistically be said to disqualify the jurors finally selected.").

    **THEREFORE, IT IS ORDERED** that the stay of this matter is hereby lifted.

    **IT IS FURTHER ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

    Dated this __7th__ day of July, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge
