UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ELLIOT DON RAY,

       Plaintiff,

v.                                                 Case No. 07-C-190

MARC CLEMENTS,

       Defendant.

**ORDER DENYING MOTION FOR STAY**

      Respondent Marc Clement (hereinafter referred to as the State) has filed a motion for a stay of this court's judgment directing the State to release Petitioner Elliot Don Ray from custody or retry him within 120 days of January 25, 2013, the date the Court of Appeals issued its final mandate in the above matter. In support of its motion for a stay, the State noted that the Seventh Circuit's mandate had required release or retrial within 120 days of issuance of either that court's final mandate or the final mandate of the United States Supreme Court. The state noted that it had now filed a petition for writ of certiorari and requested that the court stay its judgment until such time as the Supreme Court Rules on its Petition and, if the petition is granted, issues its decision and mandate.

      In response to the State's motion, the court noted that the State's request seemed consistent with the Court of Appeal's mandate which suggested that if the State sought review in the Supreme Court, the need to retry or release the petitioner would await the Supreme Court's decision. With

that understanding, this court entered an Order indicating its intent to grant the request for a stay unless within ten days Petitioner showed cause why it should not be granted.

Petitioner responded almost immediately, noting that the State had already moved for a stay in the Court of Appeals based on its intent to seek certiorari in the Supreme Court. That motion was summarily denied without explanation on January 24, 2013. Shockingly, the State made no mention of its effort to obtain a stay from the Seventh Circuit in its motion to this court. Petitioner reasonably argues that the State is improperly seeking the relief it was denied in the Court of Appeals from this court instead of filing a motion for a stay in the Supreme Court. The only change in circumstances since it sought the same relief in the Court of Appeals is that the State has now actually filed its petition for certiorari in the Supreme Court. Since the Court of Appeals did not suggest that its decision was based on the fact that the State had not yet filed its petition with the Supreme Court, the fact that it has now done so would appear immaterial.

Accordingly, based on the foregoing, and in view of the fact that the United States Court of Appeals has already denied the same relief the State now asks from this court, the State's motion is denied.

**SO ORDERED** this      26th      day of March, 2013.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court